NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 8 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PETRA CARRILLO; IVAN CARRILLO; ARLEEN CARRILLO; AYLEEN CARRILLO; JAYLEEN CARRILLO; BRIANNA LATISHA CARRILLO,

Plaintiffs - Appellants,

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT; A. CARPENTER,

Defendants - Appellees.

No. 14-15491

D.C. No. 2:10-cv-02122-JAD-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted March 15, 2016
San Francisco, California

Before: W. FLETCHER, RAWLINSON, and HURWITZ, Circuit Judges.

Petra Carrillo, acting individually, on behalf of her minor children, and as

special administratrix of the estate of her husband, Ivan Carrillo, appeals the district

court's summary judgment in favor of the Las Vegas Metropolitan Police

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Department ("LVMPD") and former LVMPD Officer Aron Carpenter in this case stemming from Ivan's death during a car chase. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Taking the facts in the light most favorable to Ms. Carrillo, we agree with the district court that Carpenter did not violate the Fourth Amendment by intentionally colliding with Ivan Carrillo's vehicle. "A police officer's attempt to terminate a dangerous high-speed car chase that threatens the lives of innocent bystanders does not violate the Fourth Amendment, even when it places the fleeing motorist at risk of serious injury or death." *Scott v. Harris*, 550 U.S. 372, 386 (2007); *see also Plumhoff v. Rickard*, 134 S. Ct. 2012, 2021 (2014). Ivan Carrillo plainly posed a danger to others when fleeing the police by crossing into oncoming traffic, purposely avoiding a spike strip designed to halt his flight, and driving near innocent bystanders (and, in fact, getting into a crash that sent one such bystander to the hospital).

2. The district court also properly entered judgment for the LVMPD on Carrillo's claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Monell* liability is unavailable "[i]f a person has suffered no constitutional injury at the hands of the individual police officer." *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

3. Given our conclusions above, we need not address Carrillo's arguments about the district court's decisions to exclude the LVMPD Accident Investigation Supplement and Luis Maldonado's deposition testimony (and, by extension, the LVMPD Safe Driving Policy) as unauthenticated. But we express concern over the highly technical nature of those decisions. The authenticity of the excluded evidence was not in dispute, and any possible foundational error should have been easily corrected. *See* Fed. R. Civ. P. 1 ("[The Rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.").

**AFFIRMED.**